CORA B. STARK,

*vs.*

HARRY A. STARK.

*New Castle, January 15, 1953.*

*W. Thomas Knowles*, of Knowles & Allmond, for plaintiff.

*Clement C. Wood* and *Henry van der Goes*, of Young & Wood, for defendant.

SEITZ, Chancellor: Defendant has appeared through his attorney solely for the purpose of moving to vacate the default judgment entered by this court against him on October 27, 1952. The default judgment was originally granted by the court on two grounds:

(1) By virtue of the filing of an affidavit by defendant.

(2) By virtue of compliance with the provisions of the first paragraph of § 4374 *of the Revised Code of Delaware* 1935 relating to service on residents.

In connection with the defendant's pending motion the court has ruled orally that the filing of the affidavit by defendant did not constitute an appearance. Therefore, the jurisdictional basis, if any, for the entry of the default judgment must rest upon the admitted compliance with the first paragraph of § 4374. However, the application of that paragraph can only be here valid if the defendant was a resident at the time of service thereunder. But the basis of defendant's motion to vacate is that defendant was not a resident at that time.

■ The question, therefore, is whether the court should open up a default judgment premised upon the first paragraph of § 4374 where the motion to open is based upon the ground that the defendant was not a resident. It is clear that unless the defendant was a resident the default judgment was void. The only way the issue of residence can be determined on its merits and thereafter be conclusive upon defendant is for this court to hear the evidence. In this way the judgment will have a finality which is particularly desirable where, as here, the sale of real estate is contemplated to satisfy the judgment.

I, therefore, conclude in the exercise of my discretion that the defendant's motion to open the judgment of October 27, 1952 should be granted in order that defendant may have an opportunity to present evidence on the issue of residence. By this decision I do not intend to decide even by implication that the real estate could not be seized to satisfy a support order even though the defendant were a non-resident—assuming the proper process. See 42 *C.J.S.*, *Husband and Wife*, §§ 615(*b*), 618.